IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02222-CMA-MEH

EPCO HOLDING, INC.,

    Plaintiff,

v.

ENSERCA, LLC, and
ENSERCA ENGINEERING,

    Defendants.

WILLIAM L. HARNISCH,

    Movant.

---

**ORDER ON MOTION FOR PROTECTIVE ORDER**

---

Before the Court is William L. Harnisch's Motion for Protective Order [docket #1]. The matter is briefed and has been referred to this Court for disposition [docket #4]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons that follow, the Court **grants in part and denies in part** the motion.

## I.    Background

This dispute arises following Enserca, LLC's and Enserca Engineering's (collectively, "Enserca") service of a subpoena requesting production of documents from a third party Colorado resident, William Harnisch, for discovery in the case, *Epco Holding, Inc. v. Enserca, LLC, et al.*, Case No. 10-cv-00726 (S.D. Tex.). Mr. Harnisch claims that the requests made in the subpoena are duplicative of those already propounded by Enserca through discovery in a pending Colorado lawsuit, *Enserca v. Harnisch*, Case No. 2008cv4384 (Jefferson Cnty. Dist. Ct.), that all relevant

documents (except for a computer hard drive) have been already produced, and that any issues over discovery of the requested documents have been, and currently are being, adjudicated before a Special Master retained in the Colorado lawsuit. Harnisch claims undue burden and he seeks an order protecting him from responding to Enserca's subpoena.

Enserca responds conceding that it is not seeking re-production of documents already produced by Harnisch. However, Enserca argues that the issues, claims and defenses in the Texas lawsuit are different than those raised in the Colorado lawsuit and, thus, the discovery requests are not duplicative. Moreover, Enserca contends that, simply because discovery issues are being litigated in a separate lawsuit does not preclude this Court from addressing similar objections in a different lawsuit. Finally, Enserca asserts that Harnisch has failed to meet his burden to demonstrate that the requested documents are not "reasonably calculated to lead to the discovery of admissible evidence."

## II. Discussion

Although not clearly stated, Harnisch filed his motion for protective order presumably pursuant to Fed. R. Civ. P. 26(c). Rule 26(c)(1) states, in pertinent part, "A party or any person from whom discovery is sought may move for a protective order *in the court where the action is pending -* or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1) (2010) (emphasis added). Here, the action is pending in Texas and there is no deposition at issue; rather, the challenged subpoena requests production of documents from a non-party in Colorado. Thus, it appears that the motion is more aptly brought pursuant to Fed. R. Civ. P. 45 governing subpoenas.

Rule 45 provides in pertinent part that "[o]n timely motion, the issuing court must quash or

2

modify a subpoena that ... subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). In his motion, Harnisch primarily alleges undue burden in responding to the subpoena; thus, the Court will construe the motion as a motion to quash pursuant to Rule 45(c)(3).

Although this Court may not necessarily issue a protective order in this matter under Fed. R. Civ. P. 26(c)(1), the Court looks to Rule 26 for guidance in analyzing whether the subpoena must be quashed. *See Rendon Group, Inc. v. Rigsby*, 268 F.R.D. 124, 126 (D.D.C. 2010) ("Rule 26 of the Federal Rules of Civil Procedure defines and governs the scope of discovery for all discovery devices, and, therefore, Rule 45 must be read in light of it.") (citing 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2452 at 392-393 (3d ed. 2008)); *see also* 1991 Advisory Committee Note to Rule 45 ("Paragraph (c)(3) explicitly authorizes the quashing of a subpoena as a means of protecting a witness from misuse of the subpoena power. It replaces and enlarges on the former subdivision (b) of this rule and tracks the provisions of Rule 26(c).")

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Rule 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004). With respect to a challenge to a third party subpoena, "courts generally employ a balancing test, weighing the burdensomeness to the moving party against the issuing party's need for, and the relevance of, the information being sought." *Rigsby*, 268 F.R.D. at 126-27 (citing cases).

Here, Harnisch's primary complaint is the "undue burden" of responding to certain document

3

requests that have been already propounded and engaging in discovery disputes that have been adjudicated, or are currently being adjudicated, in Colorado state court. The Court agrees with Enserca that, if the claims and/or defenses in the two actions are substantially different, then similarly constructed discovery requests (depending upon how they are worded) may result in the production of different materials. Thus, the Court will first review the claims in the two cases to determine whether they are substantially different.

According to the operative pleading in the Colorado lawsuit, Enserca and John C. Armstrong bring claims against Harnisch, David Hooker and two companies for fraud, breach of contract, breach of fiduciary duty, conspiracy and unjust enrichment based upon allegations that Harnisch, a former owner and manager of Enserca, with the assistance of Hooker and Manuel Gallegos (President of Enserca) improperly coerced Armstrong to sell his 50% membership in Enserca to Harnisch. *See* docket #11-1. The plaintiffs in the Colorado lawsuit seek a declaration voiding the sales contract, recovery of economic damages, and awards of punitive damages, statutory damages and costs. *Id.* at 11.

In the Texas lawsuit, the plaintiff, EPCO Holdings, brings claims against Enserca for breach of contract and fraud for allegedly overbilling EPCO for its services and for failing to remedy the errors. Docket #11-2. Enserca apparently removed the action to federal court and brought a third-party complaint against Manuel Gallegos and his company for breach of fiduciary duty, breach of contract, indemnity and conspiracy based upon allegations that Mr. Gallegos was responsible for the account books for Enserca, but failed to inform Enserca of any overpayments to EPCO, engaged in a series of financial transactions between his company and Enserca but failed to disclose the transactions to Enserca's board, and failed to provide accurate and detailed information concerning

4

Enserca Requests for Services, Work Orders, Tasking Letters and Purchase Orders. Docket #11-3. In addition, Enserca alleges Gallegos' improper participation in the sale of Armstrong's 50% membership of Enserca to Harnisch. *Id.*

The Court finds that, although some allegations are similar, particularly concerning the alleged "conspiracy" among Harnisch, Hooker and Gallegos, the primary allegations and substance of the cases is different. The Colorado lawsuit concerns primarily the transaction between Armstrong and Harnisch whereby Armstrong sold his membership in Enserca to Harnisch. The Texas lawsuit concerns primarily Gallegos' participation in the alleged overbilling by Enserca to EPCO. Thus, any discovery requests directed at Harnisch concerning these primary allegations is proper.

At the same time, the Court agrees with Harnisch that a duplicative request for documents that have been already produced may prove unduly burdensome. *See* Fed. R. Civ. P. 26(b)(2)(C). In fact, Enserca agrees that it does not seek re-production of documents already produced.

A review of the challenged subpoena and the original document requests in the Colorado lawsuit reveals several duplicative or substantially similar requests made by Enserca. In fact, the document requests propounded first upon Harnisch in the Colorado lawsuit are more broad and encompass many of the requests made in the subpoena. For example, the following requests are the same or substantially similar, such that the first-made requests in the Colorado lawsuit include any and all documents requested in the subpoena:

| Colorado Lawsuit | Texas Subpoena |
|---|---|
| 1 | 3 |
| 4 | 4 |
| 6 | 17, 18, 19, 22, 23, 24, 25, 26 |
| 7 | 8 |

| | |
|---|---|
| 8 | 7 |
| 9 | 5 |
| 10 | 6 |
| 12 | 10 |
| 13 | 11 |
| 17 | 9 |

Thus, as the above-identified document requests made in the subpoena have been already propounded upon Harnisch in the Colorado lawsuit on a broader scale, to the extent that he has already produced documents in response to these requests, he need not do so again.

With respect to all other requests, Harnisch fails to demonstrate undue burden to justify quashing the subpoena. Harnisch's argument that certain discovery issues have been, or are being, litigated in the Colorado lawsuit has no precedential value on the proceedings here. Therefore, the motion is denied and Harnisch must respond in accordance with the federal rules of civil procedure.

### III. Conclusion

Accordingly, based on the foregoing, the Court ORDERS that William L. Harnisch's Motion for Protective Order [filed September 10, 2010; docket #1], construed as a motion to quash subpoena pursuant to Fed. R. Civ. P. 45, is **granted in part and denied in part** as set forth herein.

Dated at Denver, Colorado this 21st day of October, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge