IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02222-CMA-MEH

WILLIAM L. HARNISCH,

    Movant,

v.

ENSERCA, LLC, and
ENSERCA ENGINEERING,

    Respondents.

---

## ORDER ON MOTION TO COMPEL

---

Before the Court is Respondents' Motion to Compel Discovery from Non-Party William Harnisch or, in the Alternative, for Contempt Pursuant to Fed. R. Civ. P. 45 [filed November 15, 2010; docket #17]. The matter is briefed and has been referred to this Court for disposition [docket #18]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons that follow, the Court **denies** the motion.

Respondents primarily contend that Harnisch failed to comply with this Court's October 21, 2010 order granting in part and denying in part Harnisch's motion for protective order seeking to quash a subpoena requesting production of documents for discovery in the case, *Epco Holding, Inc. v. Enserca, LLC, et al.*, Case No. 10-cv-00726 (S.D. Tex.). Respondents argue that this Court overruled Harnisch's objections to the subpoena and found the requests for production to be reasonably calculated to lead to the discovery of admissible evidence. Thus, Respondents assert that Harnisch must produce the requested documents in accordance with the October 21, 2010 order.

Harnisch counters that the order states nothing about production, but instead requires

Harnisch to respond to the subpoena. He claims that he is proceeding correctly pursuant to Rule 45 by first filing a motion to quash the subpoena he believed to be unduly burdensome, then upon being ordered to respond to the subpoena, filing written objections to the requests pursuant to Rule 45(c)(2)(B). Then, if the opposing party wishes to do so, the party may file a motion to compel production pursuant to Rule 45(c)(2)(B)(i).

The Court agrees with Harnisch. In its October 21, 2010 order, this Court did not rule on any objections to the subpoena's requests for production of documents, because none were made by Harnisch. In fact, it was this Court's understanding that Harnisch had not responded to the subpoena at all - either with objections or the production of any documents - at the time Harnisch filed the motion to quash.[1] While Harnisch noted some general objections to the requests in his motion to quash, such objections referred to those made concerning discovery requests in the Colorado lawsuit. *See* docket #1 at 11. This Court specifically stated, "Harnisch's argument that certain discovery issues have been, or are being, litigated in the Colorado lawsuit has no precedential value on the proceedings here." There is no indication that this Court reviewed and specifically ruled on any objections made to each request for production at issue in this case. The Court simply determined whether Harnisch would be unduly burdened by responding to the Respondents' subpoena.

Respondents misconstrue this Court's conclusion, "Thus, any discovery requests directed at Harnisch concerning these primary allegations is proper," by stating that it requires Harnisch to produce all documents requested in the subpoena. However, in so concluding, the Court merely determined whether the subpoena's requests for production were duplicative of those already

---

[1] The Court notes that Harnisch actually filed a motion for protective order pursuant to Fed. R. Civ. P. 26, but the Court construed the motion as a motion to quash pursuant to Fed. R. Civ. P. 45.

2

propounded upon Harnisch in the Colorado lawsuit.  Without identifying any specific document requests, the Court found that any requests aimed at discovery of Gallegos' participation in the alleged overbilling by Enserca to EPCO, which is at issue in the Texas case, would be properly propounded upon Harnisch.  Contrary to the Respondents' contention, the Court did not undertake an evaluation of each document request to determine its relevance, particularly because the Court specifically construed Harnisch's motion as a request to quash the subpoena as "unduly burdensome" pursuant to Rule 45(c)(3)(A).  *See* October 21, 2010 Order at 3, docket #15.  The Court's analysis was limited only to that issue.  As correctly noted by Harnisch, the Court ordered a response to certain document requests in the subpoena, not the production of any documents.  Harnisch did not waive any objections he may have had to the individual document requests by filing a motion to quash pursuant to Rule 45(c)(3).

Because the October 21, 2010 order has created some unanticipated confusion in this case, Respondents' present motion is more aptly construed as a motion for clarification and compliance with the Court's order.  Therefore, the motion will be denied.  If they so choose, Respondents are permitted in this case to file a proper motion pursuant to Rule 45(c)(2)(B)(i).

Accordingly, based on the foregoing, the Court ORDERS that Respondents' Motion to Compel Discovery from Non-Party William Harnisch or, in the Alternative, for Contempt Pursuant to Fed. R. Civ. P. 45 [filed November 15, 2010; docket #17] is **denied**.

Dated at Denver, Colorado this 4th day of January, 2011.

                                        BY THE COURT:

                                        *Michael E. Hegarty*

                                        Michael E. Hegarty
                                        United States Magistrate Judge